Ken Salazar Executive Director Department of Natural Resources 1313 Sherman St., Room 718 Denver, CO 80203 May 31, 1991
Dear Mr. Salazar:
I write in response to your April 26, 1991 request for a formal Attorney General's Opinion.
QUESTION PRESENTED AND CONCLUSION
Do local governments have statutory authority to regulate development and structures within flood hazard areas?
Yes.
ANALYSIS
Colorado has received inquiries from the Federal Emergency Management Agency (hereinafter, "FEMA") about the authority of Colorado counties and other local governments to regulate flood hazard areas.
The purpose of these inquiries is to determine whether Colorado counties qualify for federal flood insurance.[1]
Under Federal law, each state must give satisfactory assurance to FEMA that it has "adopted land use and control measures with effective enforcement provisions which the Director finds are consistent with the comprehensive criteria for land management and use." 42 U.S.C. § 4022 (1989). To qualify for federal flood insurance, local communities must have legal authority to implement land use and control measures which comply with federal requirements. 44 C.F.R. § 60.2(a) (1990).
Your request asks whether Colorado law permits local governments to regulate development, including but not limited to fills, levees and building structures, in floodplains and other areas susceptible to floods. For the reasons set forth below, we conclude that state law permits local governments to regulate such development.
The authority of the local governments to regulate the use and development of floodplains and other areas which are susceptible to floods is grounded upon three statutes. The first, §§ 30-28-101
to -137, C.R.S. (1986), grants counties the authority to adopt zoning regulations for unincorporated areas which lie outside cities and towns. In particular, the counties may regulate "[t]he uses of land . . . for flood control." Section 30-28-113(1), C.R.S. (1986) (emphasis added). This power includes the rights to establish flood control districts,Famularo v. Board of County Commissioners of AdamsCounty, 180 Colo. 333, 337, 505 P.2d 958, 959 (1973), which will minimize the impact of large storms, § 30-28-133(3)(c)(VII) and (4)(b), C.R.S. (1986).
In addition, all local governments have authority to regulate land use under the Local Government Land Use Enabling Act, §§29-20-101 to 107, C.R.S. (1986 1990 Supp.). Under this Act, "`[l]ocal government' means a county, home rule or statutory city, town, territorial charter city, or city and county." Section 29-20-103(1), C.R.S. (1986). The Legislature has declared that the policy of the State is to "provide broad authority to local governments to plan for and regulate the use of land within their respective jurisdictions." Section 29-20-102, C.R.S. (1986). In particular, each local government may regulate development and activities in hazard areas, and otherwise plan for and regulate the use of land to provide for planned and orderly usage and protection of the environment. Section 29-20-104(1)(a) and (h), C.R.S. (1986).
A third statute, §§ 24-65.1-101 to -108, C.R.S. (1988 1990 Supp.) grants local governments the authority to designate as matters of state interest areas and activities which are located in a county but which may affect other parts of the state. Local governments under this statute include counties and municipalities. Section 24-65.1-102(2), C.R.S. (1988). Each local government may designate natural hazard areas. Section24-65.1-201, C.R.S. (1986). A "natural hazard" is "a geologic hazard, a wildlife hazard or a flood." Section 24-65.1-103(13), C.R.S. (1988). A "natural hazard area" is "an area containing or directly affected by a natural hazard." Section 24-65.1-103(14), C.R.S. (1988). The local government is responsible for administering such areas in accordance with the model regulation enacted by the Colorado Water Conservation Board.[2]
Section 24-65.1-202(2)(a)(I) and (b), C.R.S. (1988). In particular, floodplains must be administered "so as to minimize significant hazards to public health and safety or to property." Section 24-65.1-202(2)(a)(I).
Courts historically have found that these statutes grant extensive authority to local governments. SeeOborne v. County Commissioners of DouglasCounty, 764 P.2d 397, 400 (Colo.App. 1988) ( § 30-28-101, C.R.S. (1986) and § 29-20-101, C.R.S. (1986) afford local governments broad authority to regulate land uses);C M Sand and Gravel v. Board of CountyCommissioners, 673 P.2d 1013, 1017 (Colo.App. 1983); (§§ 30-28-101, 29-20-101 and 24-65.1-101 vest broad authority in local governments to regulate land use). These statutes establish a clear intent to prevent or minimize flood damage. They provide, either specifically or by clear implication, authority to local governments to pass flood control regulations in order to prevent flood damage.
SUMMARY
Local governments may regulate development in a manner which is necessary to minimize flood hazards.
Sincerely,
 GALE A. NORTON Attorney General
COUNTIES FLOODS ZONING (SEE LAND USE)
Section 24-65.1-101, C.R.S. (1988 1990 Supp.) Section 24-65.1-101 to -108, C.R.S. (1988 1990 Supp.) Section 24-65.1-102(2), C.R.S. (1988) Section 24-65.1-103(13), C.R.S. (1988) Section 24-65.1-103(14), C.R.S. (1988) Section 24-65.1-201, C.R.S. (1986) Section 24-65.1-202(2)(a)(I) and (b), C.R.S. (1988) Section 29-20-101, C.R.S. (1986) Section 29-20-101 to 107, C.R.S. (1986 1990 Supp.) Section 29-20-102, C.R.S. (1986) Section 29-20-103(1), C.R.S. (1986) Section 29-20-104(1)(a) and (h), C.R.S. (1986) Section 30-28-101, C.R.S. (1986) Section 30-28-101 to -137, C.R.S. (1986) Section 30-28-113(1), C.R.S. (1986) Section 30-28-133(3)(c)(VII) and (4)(b), C.R.S. (1986) Section 37-60-106(1)(c), C.R.S. (1990)
NATURAL RESOURCES
State agencies and counties may regulate development in a manner which is necessary to minimize flood hazards.
[1] This opinion does not address possible compensation issues. See First English Evangelical LutheranChurch v. County of Los Angeles, 482 U.S. 304 (1987).
[2] The Colorado Water Conservation Board, a state agency, also has authority to enact regulations to minimize the effects of floods. The Board has the duty to "formulate methods, means and plans for bringing about the greater utilization of the waters of the state and the prevention of flood damages therefrom . . . ." Section 37-60-106(1)(c), C.R.S. (1990).